DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| JACKLYN DYER, | : | |
| | : | 1:14-cv-1 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| ARCOS DORADOS PUERTO RICO, INC., | : | |
| d/b/a MCDONALD'S, ARCOS DORADOS | : | |
| USVI d/b/a MCDONALD'S ST. CROIX, | : | |
| and GOLDEN ARCH DEVELOPMENT, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### June 26, 2015

Pending before the Court are the following Motions: Defendant Arcos

Dorados Puerto Rico's Motion to Dismiss Plaintiff's Amended Complaint (Doc.

34); Defendant Golden Arch Development LLC's Motion to Dismiss Plaintiff's

Amended Complaint (Doc. 42); and Defendant Arcos Dorados USVI, LLC's

Motion to Dismiss Plaintiff's Amended Complaint (Doc. 50).  These Motions have

been fully briefed and are therefore ripe for our review.  For the reasons that

follow, the Motions shall be denied.[1]

---

[1]Also before the Court is Defendant Arcos Dorados Puerto Rico, LLC's Motion for Rule 11 Sanctions (Doc. 87), filed on April 14, 2015.  This motion has been briefed and is also ripe for review.  We shall discuss the merits of the sanctions motion in section IV of this Memorandum and Order.

## I.     PROCEDURAL BACKGROUND

Plaintiff Jacklyn Dyer (hereinafter "Plaintiff" or "Dyer") commenced this action against Defendant Arcos Dorados Puerto Rico, Inc. d/b/a McDonald's (hereinafter "Arcos PR") with the filing of a Complaint on January 8, 2014. (Doc. 1).  The original Complaint contained three counts asserting that the Defendants violated Title VII of the Civil Rights Act of 1964 on the basis of racial, religious, national origin and sex discrimination (Count 1) as well as pendent territorial claims under the Virgin Islands discrimination laws (Count II)  and Virgin Islands Wrongful Discharge Act (Count III).

Thereafter, on May 9, 2014, Plaintiff filed a Motion to Amend her Complaint (Doc. 16), seeking to add Defendants Arcos Dorados USVI d/b/a McDonald's (hereinafter "Arcos USVI")  and Golden Arch Development LLC (hereinafter "Golden Arch") and seeking to supplant an Age Discrimination Claim for the previously interposed Title VII discrimination claim, while maintaining the territorial claims.  Defendant Arcos Dorados PR opposed the request for leave to amend on the basis that amendment would be futile, arguing that Plaintiff had failed to exhaust her administrative remedies relative to a federal age discrimination claim and that she did not have a private cause of action for age discrimination under territorial law.  Magistrate Judge George W. Cannon issued

an Order on May 29, 2014 granting Plaintiff's request to file an Amended

Complaint.  Magistrate Judge Cannon's Order recognized that the Defendant had

interposed colorable futility arguments, but felt those issues were best addressed by

the District Court on a Rule 12(b)(6) motion.  (Doc. 28).  On June 2, 2014, Plaintiff

filed her Amended Complaint.  (Doc. 29).  The instant Motions followed.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) contends that the complaint

has failed to assert a claim upon which relief can be granted.  *See* FED. R. CIV. P.

12(b)(6).  In considering such motion, courts "accept all factual allegations as true,

construe the complaint in the light most favorable to Plaintiff, and determine

whether, under any reasonable reading of the complaint, Plaintiff may be entitled

to relief."  *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)

(quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

To resolve the motion, a court generally should consider only the allegations in the

complaint, as well as "any matters incorporated by reference or integral to the

claim, items subject to judicial notice, matters of public record, orders, [and] items

appearing in the record of the case."  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d

256, 260 (3d Cir. 2006) (citation and internal quotation marks omitted).

In general, a Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to 'give Defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration omitted)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  To survive a motion to dismiss, "a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . ..'"  *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to satisfy the plausibility standard, the complaint must indicate that a defendant's liability is more than "a sheer possibility."  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

4

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertion[s]." *Twombly*, 550 U.S. at 564, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss.  *Iqbal*, 556 U.S. at 679.  Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]."  *Id.* at 680.  Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief.  *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that Plaintiff can prove those facts or will ultimately prevail on the merits."  *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57).  Rule 8 "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  *Id.* at 234 (quoting *Twombly*, 550 U.S. at 556).

## III.   DISCUSSION

### A.   Facts

The following facts are drawn from the Amended Complaint in this matter. (Doc. 29).  Plaintiff Jacklyn Dyer, a resident of St. Croix,  is a black female over the age of 40, began working at the McDonald's franchise in St. Croix in 1977. (Doc. 29, ¶¶ 2, 9, 13).   Plaintiff alleges that Defendants Arcos PR and USVI do business as McDonald's in St. Croix, and that Arcos USVI owns the McDonald's franchises in both St. Thomas and St. Croix.  (Doc. 29, ¶¶ 3, 5, 10).  Plaintiff alleges that Golden Arch, a limited liability company that does business in the Virgin Islands, in combination with Arcos PR control Arcos USVI and makes management, human resource, and other decisions on behalf of Arcos USVI. (Doc. 29, ¶¶7, 11).

Plaintiff, who began working for the St. Croix McDonald's franchise in 1977, continued in her employment through the sales of the franchise to various companies.  Plaintiff alleges that when Defendants took over the St. Croix franchise, they unilaterally removed all managerial functions from her job responsibilities, while leaving her only with the title of manager.  Plaintiff alleges that during her entire employment, she only received good reviews and was a good and valued employee.  (Doc.29, ¶¶ 9, 12, 14).

Plaintiff alleges that on August 19, 2013, Defendant sent Miguel Padilla Aldino ("Aldino") from the Arcos PR or Golden Arch corporate office in Puerto Rico to do some store training in St. Croix.   Aldino allegedly informed Plaintiff that he wanted to meet with her at 1:00 that day at McDonald's corporate offices in Sunny Isle.  (Doc. 29, ¶15).  Plaintiff alleges that the meeting was attended by herself, Aldino and Madalia Eraso,[2] Senior Human Resource consultant for Defendants.  Plaintiff was informed that she was being terminated, was given a release to sign and was advised her insurance would be cancelled as of November 2013.  (Doc. 29, ¶16).

Plaintiff alleges that the Defendants represented the reason for her termination was reorganization and reduction in force, however she was the only one terminated.  (Doc. 29, ¶17).  Plaintiff alleges that when she asked why she was selected for termination, the Defendants would not answer her.  Plaintiff alleges that there were three managers under her with less experience and tenure and at least two of those individuals were considerably under the age of 40, but they were not selected for a layoff, nor was Plaintiff allowed to demote to their positions. (Doc. 29, ¶19).  Plaintiff further alleges that, since Defendants have taken over the

---

[2] This individual's name is correctly spelled as "Migdalia Erazo" and we shall refer to her as "Erazo" later in this Memorandum and Order .  (Doc. 44).

St. Croix franchise, they have systematically terminated the employees over age 40, including but not limited to Mary Jagroup (Plaintiff's supervisor) and two office managers, while retaining employees under the age of 40. (Doc. 29, ¶20).

Plaintiff alleges that she has been discriminated in her pay, benefits, job assignments, promotions, and was terminated as a result of illegal age discrimination. Plaintiff contends that, as a result of Defendants' actions, she has suffered loss of income, loss of capacity to earn income, mental anguish, pain and suffering and a loss of enjoyment of life. (Doc. 29, ¶¶ 21-22).

**B.    Analysis**

As noted above, the three Defendants in this matter have filed separate motions to dismiss. To the extent the motions argue the same basis for dismissal, those arguments shall be discussed together. To the extent a Defendant has argued a position unique to that Defendant's motion, it shall be discussed separately herein.

**1.    Personal Jurisdiction  - Golden Arch Development**

Golden Arch Development argues that this Court lacks personal jurisdiction over it, warranting dismissal. In opposition, Plaintiff contends that Golden Arch has sufficient minimum contacts with the Virgin Islands so that personal jurisdiction may be exercised over it by this Court.

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant.  "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F. 3d 312, 316 (2d Cir. 2007)(citing *Gen. Elec. Co. v. Deutz AG*, 270 F. 3d 144, 150 (3d Cir. 2001).  To establish a *prima facie* proof of personal jurisdiction, a plaintiff must allege sufficient facts to establish jurisdiction over the defendant, and the court must accept these allegations as true and construe disputed facts in favor of the plaintiff.  *See Metcalfe v. Renaissance Marine Inc.,*, 566 F. 3d 324, 330-31 (3d Cir. 2009)(citing *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F. 3d 446, 457 (3d Cir. 2003).  Once the facts supporting jurisdiction are put into dispute, the plaintiff must prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction. *See Careret Sav. Bank v. Shushan,* 954 F. 2d 141, 146 (3d Cir. 1992).

Establishing personal jurisdiction in the Virgin Islands involves a two-part analysis.  First, there must be a statutory basis for exercising jurisdiction over the nonresident defendant in accordance with V.I. Code Ann. tit., 5 § 4903, the Virgin Islands' Long Arm Statute.[3]  Second, the non resident defendant must have

---

[3] That statute provides: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the persons's (1) transacting any business in this territory; (2) contracting to supply services or things in this territory."  V.I. Code Ann. tit., 5 § 4903.  "[T[ransacting business is a term that connotes activity that is less than doing

minimum contacts with the Virgin Islands sufficient to satisfy constitutional due process.  *See Metcalfe*, 566 F. 3d at 330.[4]

In the Amended Complaint, Dyer alleges "upon information and belief" that Golden Arch does business in the U.S. Virgin Islands.  (Doc. 29, ¶7).  She also alleges that Golden Arch controls Arcos USVI (the owner of the McDonald's franchise) and makes management, human resource and other decisions on behalf of USVI.  (Doc. 29, ¶11).  Plaintiff further alleges that at the meeting during which her job was terminated, Ms. Erazo, Senior Human Resource consultant for "Defendants" was in attendance.  (Doc. 29, ¶16).  These are the extent of Plaintiff's allegations against Golden Arch in the Amended Complaint.

In support of its personal jurisdiction argument, Golden Arch submitted an affidavit of Ms. Erazo, confirming that she is, in fact, a Senior Human Resources Consultant for Golden Arch.  (Doc. 44).  The affidavit, spanning 45 paragraphs, affirms that Golden Arch "is involved in the operation of McDonald's restaurants in the Commonwealth of Puerto Rico") (Doc. 44, ¶10), but that it is not directly affiliated with Arcos USVI, which operates the McDonald's stores on the Virgin

---

business, but more than an inconsequential act."  *In re Kelvin Manbodh Asbestos Litig.*, 47 V.I. 267, 283 (Super. Ct. 2005).

[4] The due process inquiry involves an assessment as to "whether 'the quality and nature of the defendant's activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state.'"  *Metcalfe*, 566 F. 3d at 344 (internal citations omitted).

Islands.  (Doc. 44, ¶11-13).  The affidavit further affirms that, *inter alia*, Golden

Arch owns no real property, has no phone number, receives no utility bills, pay

salaries, file W-2 forms, in the Virgin Islands.  Curiously, the affidavit does not

address Ms. Erazo's attendance at Plaintiff's termination meeting.

In opposition to Golden Arch's personal jurisdiction challenge, Dyer

submits two exhibits that the Court finds probative.  The first is an August 19,

2013 letter on McDonald's Carribean Division letterhead advising Dyer of her

rights under C.O.B.R.A..  Saliently, the signature line on the letter head reads

"Yadsca A. Rasario, The Benefit, Fleet & Facilities Coordinator of Golden Arch

Development."  (Doc. 51, Ex. A).   Second, on October 28, 2013, Triple-S Salud,

an affiliate of BlueCross BlueShield of Puerto Rico, confirmed and certified that

Dyer was a plan-participant of an ERISA plan sponsored by "Golden Arch

Development, SP0003371."  (Doc. 51, Ex. B). These documents were received by

and issued to Dyer as a result of her termination.  For Golden Arch to argue that it

has absolutely zero involvement in this matter strains credulity.  In our view, the

existence of both of these documents, in conjunction with the participation of a

high-ranking Golden Arch official in Dyer's termination meeting demonstrate, by

preponderance of the evidence, a *prima facie* showing of personal jurisdiction over

Golden Arch.  Thus, Golden Arch's motion to dismiss for lack of personal jurisdiction shall be denied.

### 2.    Right to Sue Letter - Timeliness

The Defendants posit two challenges to the timeliness of this action *vis-a-vis* the EEOC's Right to Sue letter.  On September 20, 2013, Dyer filed a Charge of Discrimination with the EEOC against Arcos Dorados SA, charging age discrimination.  On December 30, 2013, the EEOC mailed Dyer a right to sue letter.  On January 4, 2014, Dyer filed the initial complaint in this matter, which, as aforementioned, invoked Title VII in Count I, but factually contained allegations about age discrimination.  (Doc. 1).  After being granted leave to do so over Defendants' objections, Plaintiff filed an Amended Complaint on June 2, 2014, substituting the ADEA for the Title VII claim contained in Count I.  (Doc. 29). Thus, Defendants contend that because Plaintiff's ADEA claim was filed well in excess of the ninety day window set forth in the Right to Sue letter, the action is time-barred.

While we find this argument to be creative, it is not persuasive.  As counsel admits in her opposition to Arcos PR's motion, the ADEA claim was mistakenly omitted by counsel when the suit was filed.  (Doc. 43, p. 1).  While we do not condone sloppy lawyering, we note that to find in favor of the Defendants on this

argument would punish a litigant for the inadvertence of her counsel.  This we shall not do.  Further, and as noted by Plaintiff's counsel in her brief, while the original claim interposed a Title VII claim rather than an ADEA claim, the factual portion of the pleading made sufficient reference to an age-related claim such that the same would have been obvious to competent counsel.  Accordingly, this aspect of the Defendants' motions shall be denied.

Second, Defendants Golden Arch and Arcos USVI argue that because Dyer has not received a Right to Sue letter as to them, that this action must be dismissed for failure to exhaust administrative remedies, and as time-barred.  As noted above, in the original Charge of Discrimination, only Arcos PR was named as the employer.  In an obvious attempt to correct this oversight, on April 14, 2014, Dyer filed another Charge of Discrimination with the EEOC, this time naming all three Defendants to this action.  (Doc. 51, Ex. C).  Dyer contends that although she is still waiting for the Right to Sue letter, upon receipt of the same, any administrative exhaustion deficiency will be cured, citing *Anjelino v. New York Times Co.,* 200 F. 3d 73 (3d Cir. 1999).   We agree.

Plaintiff is proceeding on a theory that the three Defendants were her joint-employers.  Thus, while the initial Charge of Discrimination only named Arcos PR, under Plaintiff's theory of the case, a charge against one of the entities is

13

tantamount to a charge against all three.  We are guided by the Third Circuit's reasoning in *Anjelino* as well as *Gooding v. Warner-Lambert Co.*, 744 F.2d 354 wherein the Third Circuit reasoned that "highly technical pleading rules, which only serve to trap the unwary practitioner, are eschewed in favor of system of notice pleading . . . we believe that the same is true of the issuance of a right-to-sue letter; such a letter is not a "jurisdictional" requirement in the constitutional sense, but rather a statutory requirement designed to give the administrative process an opportunity to proceed before a lawsuit is filed.  *Id*. at 358 (citations omitted). Because we find that the second Charge of Discrimination filed by Dyer was essentially an amendment of the first, we do not find that the lack of a right-to-sue letter fatal to our jurisdiction over this case.

Accordingly, the motions to dismiss shall be denied on the argument of timeliness.

### 3.    Failure to State a Claim

All of the Defendants contend that Plaintiff's claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  29 U.S.C. § 623(A)(1) provides that "it shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's age."   A plaintiff may demonstrate age discrimination under this portion of the ADEA by either direct or indirect evidence.

Here, Plaintiff does not contend that she has presented a direct evidence of age discrimination.  Rather, her indirect evidence claim is tested under the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[5] "Under the familiar *McDonnell-Douglas* shifting-burden analysis applicable to federal employment discrimination cases involving indirect proof of discrimination, the plaintiff bears the burden of proving a relatively simple *prima facie* case, which the employer must rebut by articulating a legitimate, non-discriminatory reason for its actions."  *McKenna*, 32 F. 3d at 825.  "Once the employer provides one or more justifications for its decision, the presumption of age discrimination created by the plaintiff's *prima facie* case is dispelled, and the plaintiff must demonstrate that the employer's proffered reasons are pretextual." *Torre v. Casio, Inc.*, 42 F. 3d 825, 829 (3d Cir. 1994).  At the Rule 12(b)(6) phase, we are concerned only with whether Plaintiff has pled a *prima facie* case.

---

[5] Although *McDonnell-Douglas* was a race discrimination suit under Title VII, the Third Circuit has held that its burden-shifting analysis is applicable to age discrimination claims as well.  *McKenna v. Pacific Rail Service*, 32 F. 3d 820 (3d Cir. 1994).

"[T]o state a claim for age discrimination under the ADEA, a plaintiff must ordinarily allege that (1) [s]he is over 40, (2) [s]he is qualified for the position in question, (3) [s]he suffered from an adverse employment decision, and (4) [her] replacement was sufficiently younger to permit a reasonable inference of age discrimination." *Hill v. Borough of Kutztown*, 455 F. 2d 225, 247 (3d Cir. 2006). Here, Plaintiff has specifically alleged that she is over 40 and that she suffered the adverse employment decision of termination. (Doc. 29, ¶¶ 13 and 16).  While Defendants contend that Plaintiff has not alleged that she is qualified for the position, we find Plaintiff's allegations that she has worked at the McDonald's franchise for decades and has always been given good performance reviews satisfies this element of the *prima facie* case.  (Doc. 29, ¶¶9 and 12).  Thus, the first three elements of the *prima facie* case are easily met.

Defendants contend that Plaintiff necessarily fails on the fourth element because she has not pled that she was replaced by a sufficiently younger individual. While Dyer has not pled that she was replaced, she has pled that the Defendants represented that her termination was due to a reduction in force, and the Third Circuit has directed that "the fourth element must be relaxed in certain circumstances, as when there is a reduction in force." *See Torre*, 42 F. 3d at 831 (citing *Billet v. CIGNA Corp.*, 940 F. 2d 812, 816 n. 3 (3d Cir. 1991) and *Healy v.*

16

*New York Life Ins. Co.*, 860 F. 2d 1209, 1214 n. 1 (3d Cir. 1988)).  Thus, in reduction in force cases, the fourth element is more appropriately cast as "when the plaintiff was terminated in the reduction in force, other similarly-situated but younger employees were retained by the employer."  Here, Plaintiff has pled that two other managers who "were considerably under 40" were not selected for the reduction in force.  (Doc. 29, ¶19).  Accordingly, based on the foregoing, we find that Plaintiff has adequately pled a *prima facie* case of age discrimination under the ADEA, and the Defendants' motions to dismiss this claim shall be denied.

### 4.    Virgin Islands Civil Rights Act and Discrimination in Employment Act

Count II of Amended Complaint asserts a claim under 10 V.I.C. § 64, the Virgin Islands Civil Rights Act.  10 V.I.C. § 64(1)(a) declares that "[i]t shall be an unlawful discriminatory practice . . . for an employer, because of age, . . . to refuse to hire or employ or to bar or discharge from employment such an individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."   Section 15 declares that "[i]n addition to other remedies, any person who has been discriminated against as defined in this section may bring an action for compensatory and punitive damages in any court of competent jurisdiction."  10 V.I.C. §64(15).  Count II also posits a claim under the Virgin Islands Discrimination in Employment Act, 24 V.I.C. § 451.  That statute,

as amended in 2011, also permits "any person who has been discriminated against as defined in this section" to "bring an action for compensatory and punitive damages in a court of competent jurisdiction."  24 V.I.C. § 451(a).

Defendants contend that these statutes do not provide a private right of action for plaintiffs such as Dyer.  However, following the 2011 amendments to these statutes, Defendants' arguments are flatly incorrect.  Accordingly, Defendants' motions to dismiss Count II shall be denied.

### 5.    Virgin Islands Wrongful Discharge Act

Count III of the Amended Complaint brings a claim under the Virgin Islands Wrongful Discharge Act, 24 V.I.C. §76.  Defendants contend that Plaintiff cannot maintain a claim under the WDA because she is a manager, citing the Third Circuit's ruling that the WDA is preempted by the National Labor Relations Act when the individual claiming wrongful discharge is a supervisor.  *See St. Thomas - St. John Hotel & Tourism Ass'n v. Virgin Islands*, 357 F. 3d 297, 302-304 (3d Cir. 2004).

The term "supervisor" is not defined by the WDA, thus courts look to the definition of that term in the NLRA.  *See Fraser v. Kmart Corp.*, 2009 U.S. Dist. LEXIS 35253 at *31 (D.V.I. Apr. 23, 2009); *see also Prentice v. OfficeMax N. Am.*, 2012 U.S. Dist. LEXIS 35090, at *12 (D.V.I. Mar. 15, 2012).  The NLRA

defines the term "supervisor' to include "any individual having authority, in the
interest of the employer , to . . . assign, reward, or discipline other employees, or
responsibility to direct them, or to adjust their grievances, or effectively to
recommend such action, if in connection with the foregoing the exercise of such
authority is not of a merely routine or clerical nature, but requires the use of
independent judgment."  29 U.S.C. § 152(11).  Here, Plaintiff has only alleged that
she is a "manager," but has not alleged her duties and responsibilities.  Moreover,
Dyer alleges that she was stripped of her managerial duties prior to her termination.
Based on the pleading alone, we cannot judge whether Dyer's position as
"manager" equates with a "supervisor" as contemplated by the NLRA's definition.
Accordingly, we shall deny the Defendants' motion to dismiss this WDA claim on
pre-emption grounds, noting that if discovery reveals Plaintiff's position as
"manager" equates to a "supervisor" position, the claim may be susceptible to
summary judgment.

## IV.    MOTION FOR SANCTIONS

As previously mentioned, also pending before the Court is Defendant Arcos
PR's Motion for Rule 11 Sanctions against Plaintiff.  In short, Arcos PR argues
that it was never Plaintiff's employer, thus this lawsuit is inappropriately filed as
against it.  Arcos PR contends that Plaintiff and her counsel lacked any reasonable

19

basis upon which to file suit against Arcos PR, and failed to withdraw the suit when provided with the Rule 11 safe harbor letter expressing that position.   In response, Plaintiff's counsel argues that she was considering dismissing Arcos PR from the action, but that Arcos PR's demand of $1,500 in fees was tantamount to extortion, and that Plaintiff believes she is entitled to discovery on her joint-employer theory of liability that underlies this case.    Plaintiff also cross-moves for fees pertaining to the litigation of the sanctions motion.

In drafting the instant Memorandum and Order, the Court has quite literally reviewed hundreds of pages penned by the attorneys in this case.  While we greatly respect zealous advocacy, at times, the tenor of the briefing has crossed into open hostilities between counsel.  With that background in mind, we find it greatly unfortunate that a discussion over whether a certain party is an appropriate defendant, or not, has morphed into a Rule 11 sanctions motion.  We shall not condone such a lack of collegiality, and frankly, this is a matter that counsel should have been able to address and come to closure on without triggering a sanctions motion.

Accordingly, we shall deny the sanctions motion without prejudice.  We shall, however, require counsel to meet and *collegially* confer regarding the appropriateness of Arcos PR's involvement in the instant lawsuit.  It is our fondest

20

hope that, if Plaintiff's counsel is assured that Arcos PR is not an appropriate party, that a notice of dismissal will follow.  It is also our hope that counsel for Arcos PR will reconsider its demand of counsel fees in the event it achieves what it ultimately desires, dismissal from this lawsuit.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    Defendant Arcos Dorados Puerto Rico's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 34) is **DENIED**.

2.    Defendant Golden Arch Development LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 42) is **DENIED**.

3.    Defendant Arcos Dorados USVI, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 50) is **DENIED**.

4.    Defendant Arcos Dorados Puerto Rico's Motion for Rule 11 Sanctions (Doc. 87) is **DENIED**.

5.    Within fifteen (15) days of the date of this Order, counsel shall meet and confer regarding the appropriateness of Arcos Dorados Puerto Rico as a Defendant to this action.  If the parties agree to dismissal, a notice of dismissal shall be filed forthwith on the docket.  If the parties cannot agree, they shall file a joint letter on the docket advising the Court of the same.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge